UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THE BRAND GUY LLC,

                Plaintiff,

-against-

LIBERTY MUTUAL FIRE INSURANCE COMPANY,

                Defendant.

**ORDER**

25-CV-09567 (PMH)

PHILIP M. HALPERN, United States District Judge:

Liberty Mutual Fire Insurance Company[1] ("Defendant") filed a Notice of Removal on November 17, 2025, removing this action from the Supreme Court of the State of New York, County of Rockland, to this Court. (Doc. 1). For the reasons set forth below, this matter is REMANDED to the Supreme Court of the State of New York, County of Rockland.

## BACKGROUND

The Defendant annexed to the Notice of Removal a copy of The Brand Guy LLC's ("Plaintiff") Summons with Notice (Doc. 1-1); and an affidavit of service of the Summons with Notice in the state court proceeding (Doc. 1-2). The Defendant claims that this Court has subject matter jurisdiction over this dispute because: (1) complete diversity exists between the parties; and (2) based on Plaintiff's prior allegations in its "previously-filed action . . . before this Court" the damages "exceed $805,000, exclusive of interest and costs." (Doc. 1 ¶¶ 4, 7 (referring to ECF Doc. No. 1-1 in *The Brand Guy LLC v. Liberty Mut. Fire Ins. Co.*, No. 24-CV-08006 (S.D.N.Y. Oct. 21, 2024) (the "Previous Action"))).[2]

---

[1] Defendant clarifies that the correct name of this entity is Liberty Mutual Insurance Company. (Doc. 1 ¶ 5).

[2] Defendant also states that the Court has jurisdiction over this action "pursuant to the court's federal maritime and admiralty jurisdiction under the Constitution and 28 U.S.C. § 1333." (Doc. 1 ¶ 8). However,

## ANALYSIS

Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . ." 28 U.S.C. § 1441(a). "The [federal] district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1) citizens of different States." 28 U.S.C. § 1332(a). "The Supreme Court has held that the party asserting diversity jurisdiction in federal court has the burden of establishing the existence of the jurisdictional amount in controversy." *Villafana v. So*, No. 13-CV-00180, 2013 WL 2367792, at *1 (S.D.N.Y. May 29, 2013) (quoting *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 273 (2d Cir. 1994)). While defendants need not "prove the amount in controversy to an absolute certainty," they have "the burden of proving that it appears to a reasonable probability that the claim is in excess of the statutory jurisdictional amount." *Id.* (quoting *Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 296 (2d Cir. 2000)). "[I]f the jurisdictional amount is not clearly alleged in the plaintiff's complaint, and the defendants' notice of removal fails to allege facts adequate to establish that the amount in controversy exceeds the jurisdictional amount, federal courts lack diversity jurisdiction as a basis for removing the plaintiff's action from state court." *Id.* (quoting *Lupo*, 28 F.3d at 273-74).[3]

---

under the traditional rule, removal on the basis of admiralty/maritime jurisdiction is "improper unless a separate basis of jurisdiction exists." *See Forde v. Hornblower New York, LLC*, 243 F. Supp. 3d 461, 465-66 (S.D.N.Y. 2017); (citing *Pierpont v. Barnes*, 94 F.3d 813, 816 (2d Cir. 1996)). Accordingly, the Court adopts the traditional rule, along with the "overwhelming majority of district courts" (*Forde*, 243 F. Supp. 3d at 467-68), and finds that as Defendant cannot sufficiently show diversity jurisdiction, admiralty/maritime jurisdiction alone is insufficient to confer jurisdiction and avoid remand. (*See infra* at 3-4).

[3] Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Nguyen v. FXCM Inc.*, 364 F. Supp. 3d 227, 237 (S.D.N.Y. 2019) (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006)).

Plaintiff's Summons with Notice alleges injury by Defendant's "conversion of Plaintiff's tangible business property and inventory; consisting of merchandise, supplies, and goods owned by Plaintiff and stored at the insured premises located at 6 Kelly Court, Monsey, New York 10952." (Doc. 1-1 at 1). However, the Summons with Notice (Doc. 1-1) does not state a specific sum of money sought from Defendant and asserts only that Plaintiff seeks "judgment against Defendant for the full value of the converted property in an amount [sic] which exceeds the jurisdictional limits of all lower courts." (*Id.* at 2). Accordingly, removal is proper only "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds [$75,000]." 28. U.S.C. § 1446(c)(2).

Defendant asserts that the amount in controversy is in excess of $75,000, and specifically, $805,000, solely because the Summons with Notice in the Previous Action includes language implying that a default will result in a judgment "in excess of $805,000." (Previous Action Doc. 1-1). Defendant further alleges that since the "policy and claim" that were the subject of the Previous Action gives rise to the allegations in this action, the damages sought here are also $805,000. (Doc. 1 ¶¶ 4, 7). However, upon a plain reading of both the Summons with Notice in the Previous Action, and the Summons with Notice in this action, the causes of action and requested remedies are different. (*Compare* Previous Action Doc. 1-1 (claims for breach of contract and declaratory judgment) with Doc. 1-1 (claim for conversion)).

Accordingly, Defendant has not furnished any written indication of the amount in controversy, aside from the conclusory statements concerning the Summons with Notice in the Previous Action, which are insufficient. (*See generally*, Doc. 1). This Court, although not required to do so, has also undertaken to review the electronic docket in the state court proceeding. That

docket is similarly devoid of any written indication of the amount in controversy. (*See* Index No. 037562/2025, NYSCEF Doc. Nos. 1-4).

As federal courts are instructed to "construe the removal statute narrowly, resolving any doubts against removability," *Lupo*, 28 F.3d at 274 (quoting *Somlyo v. J. Lu-Rob Enters., Inc.*, 932 F.2d 1043, 1046 (2d Cir. 1991)), the Defendant's allegation in the absence of any sufficient supporting information that the amount in controversy exceeds $75,000 is inadequate for the Court to determine by a preponderance of the evidence that the jurisdictional threshold of 28 U.S.C. § 1332(a) has been met. *See Torres v. Merriman*, No. 20-CV-03034, 2020 WL 1910494, at *2 (S.D.N.Y. Apr. 17, 2020) ("[A] mere conclusory statement that the amount in controversy exceeds $75,000 is insufficient for the Court to determine by a preponderance of the evidence that the jurisdiction threshold of 28 U.S.C. § 1332(a) has been met."); *Crane Equip. & Servs., Inc. v. B.E.T. Const., Inc.*, No. 14-CV-01755, 2015 WL 471323, at *2 (W.D.N.Y. Feb. 4, 2015) (granting motion for remand where "Defendant's Notice of Removal conclusively states that the amount in controversy is '[m]ore than $75,000' without any further clarification"); *Villafana*, 2013 WL 2367792, at *2 ("[A] 'mere averment'" is insufficient to satisfy defendants' burden to establish amount in controversy (quoting *McNutt v. General Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936))).

## CONCLUSION

Based upon the foregoing, the Court concludes that the Defendant failed to satisfy its burden of establishing that the amount in controversy exceeds $75,000. Removal is therefore improper as diversity jurisdiction has not been established, and consequently, the Court also lacks admiralty/maritime jurisdiction over the suit. Accordingly, this action is REMANDED to the Supreme Court of the State of New York, County of Rockland.

The Clerk of the Court is respectfully directed to send a copy of this Order to the Supreme Court of the State of New York, County of Rockland, and to close this action. All pending matters are hereby terminated.

Dated: White Plains, New York
       November 19, 2025

SO ORDERED:

_____
Philip M. Halpern
United States District Judge

5